## John F. Kernan, Jr., Appellee, v. Advance Terra Cotta Company, Appellant.

### Gen. No. 23,667.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918.

### Statement of the Case.

Action by John F. Kernan, Jr., plaintiff, against Advance Terra Cotta Company, a corporation, defendant, to recover for a breach of a contract of employment. From a judgment for plaintiff for $200, defendant appeals.

BUELL & ABBEY, for appellant.

JAMES M. SLATTERY, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 14*—*when oral contract of employment for one year shown.* An oral contract of employment for a year is sufficiently established by evidence of the employee that the employer's president stated to the employee that the company would pay him a certain amount a week for one year and the employer's president testified to the same effect and there is no material evidence to the contrary.

2. MASTER AND SERVANT, § 50*—*when incompetency of servant and discharge for cause not shown.* In an action to recover for a breach of a contract of employment, evidence *held* sufficient to support a finding for plaintiff on the issue that he was incompetent and was discharged for cause.

3. MASTER AND SERVANT, § 50*—*when diligence in procuring other employment shown.* In an action to recover for a breach

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a contract of employment, where plaintiff testifies as to his diligence in securing other employment and his evidence is not denied and no affirmative evidence is offered for defendant in regard thereto, a finding for plaintiff is warranted.

4. TRIAL, § 265*—*when verdict not disturbed as result of compromise.* In an action to recover for a breach of contract of employment, where plaintiff's evidence as to the time he was out of work and the pay which he received when he secured other employment is not contradicted, a verdict for plaintiff will not be disturbed on the ground that it must have been the result of a compromise, merely because there is a disparity between the amount of the verdict and the amount claimed by plaintiff.